UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUDREY LEVY-LACHANCE,<br>PLAINTIFF, | :<br>:<br>:<br>: | |
| v. | :<br>: | C.A. No. |
| | :<br>: | JURY TRIAL DEMANDED |
| LIGHTHOUSE CHIROPRACTIC, P.C., alias, and<br>RONALD TYSZKOWSKI, alias,<br>DEFENDANTS. | :<br>:<br>:<br>: | |

## COMPLAINT

Plaintiff AUDREY LEVY-LACHANCE hereby commences this action against her former employer, LIGHTHOUSE CHIROPRACTIC, P.C., ALIAS, AND RONALD TYSZKOWSKI, ALIAS, (hereinafter, collectively "Defendants" unless otherwise indicated expressly or by context) seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, costs and other equitable relief, arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the ("FLSA"), the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1, et seq. (the "RIMWA"); and § 28-14-1, et seq.

## THE PARTIES

1.    Plaintiff AUDREY LEVY-LACHANCE ("Levy-Lachance") is an individual, female person of legal age and a resident of Coventry, Rhode Island.  At all relevant times to this action, Plaintiff was an "employee" within the meaning of R.I. Gen. Laws § 28-12-2(5) and R.I. Gen. Laws § 28-14-1(2) of the RIMWA and 29 U.S.C. § 203(e)(1) of the FLSA.

2.    Defendant LIGHTHOUSE CHIROPRACTIC, P.C.  ("Lighthouse Chiropractic"), alias LIGHTHOUSE PAIN MANAGEMENT, is a domestic professional service corporation duly organized under the laws of the State of Rhode Island and is authorized to conduct business in the State.  At all times relevant to this action, Defendant Lighthouse Chiropractic operated, managed, and maintained a business, whose primary location was at 935 Jefferson Boulevard, Suite 1002, Warwick, Rhode Island 02886.  Furthermore, Defendant is an "employer" within the meaning of R.I. Gen. Laws § 28-2-2(6) and R.I. Gen. Laws § 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA.

3.   Defendant RONALD TYSZKOWSKI ("Tyszkowski"), <u>alias</u>, at all times relevant to this action, and upon information and belief, was the President of Defendant Lighthouse Chiropractic. Defendant Tyszkowski exercised control over the terms and conditions of Plaintiff's employment, is a person acting as an agent directly or indirectly in the interests of the Defendant Lighthouse Chiropractic, and an "employer" within the meaning of R.I. Gen. Laws § 28-12-2(6) and R.I. Gen. Laws § 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA.

4.   At all times relevant to this action, Defendants were engaged in the stream of interstate commerce and acted as Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) and R.I. Gen. Laws § 28-12-2(6) of the RIMWA.[1]

5.   At all times relevant to this action, Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and were an "enterprise" within the meaning of 29 U.S.C. § 203(r).

6.   At all times hereinafter mentioned, Defendants on a regular, consistent and recurrent basis, as part of the Defendants' regular course of business of distributing product in interstate commerce, employed Plaintiff in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce. Said enterprise, at all times hereinafter mentioned has had an annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

## JURISDICTION AND VENUE

7.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367, 2201 and 2202; and 29 U.S.C. § 216(b).

8.   Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

9.   Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and, therefore, are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391. Moreover, the acts and/or omissions giving rise to the claim occurred in the District of Rhode Island.

10.   Personal jurisdiction exists over Defendant in that it maintains sufficient minimal contacts in the State of Rhode Island. Specifically, Defendant engages in systematic and continuous activity in the State of Rhode Island. Moreover, the actions complained of herein occurred in the State of Rhode Island.

---

[1] <u>See</u> <u>Chao v. Hotel Oasis, Inc.</u>, 493 F.3d 26, 34 (1st Cir. 2007)(corporate officer personally liable because he was instrumental in causing corporation to violate FLSA); <u>Baystate Alternative Staffing, Inc. v. Herman</u>, 163 F.3d 668, 675 (1st Cir. 1998); <u>see also</u> <u>Dole v. Elliott Travel & Tours, Inc.</u>, 942 F.2d 962, 965 (6th Cir. 1991), and cases cited therein.

FACTUAL ALLEGATIONS

11.     Defendants employed Plaintiff as a "Physician Assistant" at 935 Jefferson Boulevard, Suite 1002, Warwick, Rhode Island 02886, from in or about July 12, 2013, until her separation on or about November 4, 2014.

12.     Plaintiff was responsible for examining patients, diagnosing injuries and illnesses, and providing treatment.

13.     Plaintiff was initially hired in or about July 2013 as a part-time employee at a rate of fifty ($50.00) dollars per hour.

14.     In or about January 2014, Plaintiff became a full-time salaried employee at a rate of one hundred and four thousand ($104,000.00) dollars per year or two thousand dollars ($2,000) for a forty (40) hour workweek.

15.     Respondent underpaid Plaintiff by amounts ranging from one thousand ($1,000.00) to three thousand five hundred ($3,500.00) dollars for work performed during fifteen separate pay periods from February 2014 through October 2014.

16.     Respondent did not compensate Plaintiff for any work performed during four separate pay periods from January 2014 through October 2014.

17.     Defendants had a legal duty to pay Plaintiff for all hours worked.

18.     Defendants' nonpayment of wages for hours worked by Plaintiff violates the Fair Labor Standards Act ("FLSA")[2] and the Rhode Island Minimum Wage Act ("RIMWA").[3]

19.     Defendants willfully and repeatedly violated the provisions of the FLSA, as well as the RIMWA, by requiring Plaintiff to work without compensation.

20.     Because of Defendants' acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages and other compensation and/or benefits of employment and has suffered other great damage.

21.     Defendants stand jointly and severally liable to Plaintiff for her damages resulting from the Defendants' illegal and wrongful actions complained of herein.

---

[2] See Norceide v. Cambridge Health Alliance, 814 F.Supp.2d 17, 23-25 (D. Mass 2011) (The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); see also, 29 C.F.R. § 778.113(a) (when a salaried employee has a fixed workweek less that forty (40) hours, she is entitled to her hourly equivalent for all additional hours worked up until forty hours and time and one half for every hour worked above four forty).

[3] The RIMWA mirrors the FLSA in that it largely incorporates the federal exempt worker categories. See R.I. Gen. Laws § 28-12-1, et seq.

## CLAIMS AGAINST ALL DEFENDANTS

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, ET SEQ.

22.   Plaintiff hereby incorporates by reference paragraphs 1-21 of this Complaint as though fully set forth herein.

23.   29 U.S.C. § 206(6), establishes the right of employees to be paid minimum wages. Physician Assistants are entitled under the FLSA to be paid the minimum wage for all hours worked.

24.   Defendants' failure to pay wages as set forth above was willful thereby triggering a three (3) year statute of limitations.

25.   Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE RHODE ISLAND MINIMUM WAGE ACT,
### R.I. GEN. LAWS § 28-12-1, ET SEQ. AND R.I. GEN. LAWS § 28-14-1, ET SEQ.

26.   Plaintiff hereby incorporates by reference paragraphs 1-25 of this Complaint as though fully set forth herein.

27.   R.I. Gen. Laws § 28-12-3 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Physician assistants are entitled under the RIMWA to be paid the minimum wage for all hours worked.

28.   Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing to pay wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to R.I. Gen. Laws § 28-14-19.2.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.   A declaratory judgment declaring the willful and intentional wrongful acts and/or omissions of the Defendants, including, but not limited to those complained of herein, are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Rhode Island Minimum Wage Act ("RIMWA"), R.I. Gen. Laws § 28-12-1, et seq. and § 28-14-1, et seq.;

2.      An award of back and front pay;

3.      An award of compensatory damages;

4.      An award of liquidated damages pursuant to R.I. Gen. Laws § 28-14-19.2 equal to two times the amount of wages owed;

5.      An award of liquidated damages pursuant to 29 U.S.C. § 216(b) equal to the amount of wages owed;

6.      An award of punitive damages;

7.      An award of reinstatement of employment, fringe benefits, and seniority rights, in lieu of front pay;

8.      An order directing the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

9.      A finding that the Defendants stands liable to Plaintiff for an award of her reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorneys' fees taxable to the Defendants, along with a determination of Plaintiff's litigation costs and expenses taxable to the Defendants;

10.     An appropriate award of pre-judgment interest on all sums recovered; and

11.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues so triable.

AUDREY LEVY-LACHANCE
By Her Attorney,

/s/Mark P. Gagliardi
Mark P. Gagliardi (#6819)
LAW OFFICE OF MARK P. GAGLIARDI, LLC
120 Wayland Avenue, Suite 7
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mark@gagliardilaw.net

Dated:  September 19, 2016